IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., etc., | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-0410-KD-C |
| SHELIA CAMPBELL and RAYFORD CAMPBELL, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the notice of removal (Doc. 1; *see also* Docs. 4 & 5 (evidence filed in support of removal)),[1] plaintiff's motion to remand (Doc. 9), and the response in opposition (Doc. 12) penned and signed by Shelia Campbell (*id.* at 29). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** plaintiff's motion to remand (Doc. 9).

---

[1] Only Shelia Campbell filed the notice of removal on August 12, 2015. (*See* Doc. 1.) However, two days later, on August 14, 2015, Campbell and her husband, Rayford Campbell, filed identical pleadings in this Court and thereto attached certain evidence in support of the removal petition. (*See* Docs. 4 & 5.) In addition, Rayford Campbell actively participated in the telephone conference conducted in this cause on August 25, 2015. (*Compare* Doc. 10 *with* Doc. 6.) Accordingly, the undersigned regarded Rayford Campbell's actions and participation as signaling that he was specifically consenting to the removal of this action from the Circuit Court of Mobile County, Alabama. However, Shelia Campbell's recent action of filing a response in opposition to the motion to remand solely on her own behalf causes the undersigned to question whether, in fact, Rayford Campbell has expressly and properly consented to the removal of this action. As discussed parenthetically, *infra*, Rayford Campbell's failure expressly to consent to the removal of this action constitutes but another procedural barrier to the removal of this action.

## FINDINGS OF FACT

Wells Fargo Bank, N.A., etc., filed a statutory ejectment action against defendant Shelia Campbell in the Circuit Court of Mobile County, Alabama on October 20, 2014, seeking possession of the real property described in the complaint (that is, Campbell's house) "together with money damages for the wrongful retention of said real property and an order that the Defendant has forfeited the right to redemption for failing to vacate the property, plus such other, further and different relief to which Plaintiff is entitled under these premises, and costs of court." (Doc. 1, COMPLAINT.) Shelia Campbell was served with a copy of the summons and complaint, via her husband, Rayford Campbell, on November 11, 2014. (Doc. 9, Exhibit 1, at 2.)[2] Approximately one month after suing just Shelia Campbell, that is, on November 19, 2014, plaintiff amended its complaint to add as a party defendant Rayford Campbell. (*See* Doc. 1, AMENDED COMPLAINT.) Rayford Campbell was served with a copy of the summons and complaint on December 29, 2014. (Doc. 9, Exhibit 1, at 1.)

On June 19, 2015, Shelia Campbell filed in Mobile County Circuit Court a 652-page pleading entitled "'Counter Lawsuit and Complaint Motion Adjoining Plaintiff's Complaint Against Their Actions To (Vacate Property And Ejectment).'" (*See, e.g.*, Doc. 4, MOTION TO STRIKE COUNTERCLAIMS OR "COUNTER LAWSUITS," at ¶ 1.)

---

[2] It is apparent to the undersigned that both Shelia and Rayford Campbell actually answered the initial complaint sometime in December of 2014, and in each of their answers included a counterclaim for $2,000,000.00, inasmuch as the Clerk of Court of Mobile County advised them that they each needed to remit $297.00 or their "$2,000,000.00" counterclaims would be stricken. (*See* Doc. 4, December 23, 2014 Letter from JoJo Schwarzauer, Circuit Clerk to Shelia and Rayford Campbell.) On December 29, 2014, the Campbells remitted to Circuit Clerk JoJo Schwarzauer a cashier's check totaling $594.00. (*See id.*, BBVA Compass CASHIER'S CHECK.)

Wells Fargo filed its motion to strike counterclaims or counter lawsuits on July 23, 2015 (*see id.*); Mobile County Circuit Judge Rick Stout granted the plaintiff's motion on July 27, 2015 (*see* Doc. 4, July 27, 2015 ORDER).

On the morning of August 12, 2015, Judge Stout heard oral argument on a motion for summary judgment that previously had been filed by Wells Fargo. (Doc. 9, at ¶ 7.) At 9:14 a.m. on August 12, 2015, Shelia Campbell filed a notice of removal in the Mobile County Circuit Court (*see* Doc. 1, at 1) and filed the same notice of removal in this Court at 10:57 a.m. on August 12, 2015 (*see* Doc. 1, Display Receipt). In the notice of removal, the removing defendant or defendants appear to seek removal of this case on the following grounds: (1) counterclaim in 337 proceedings; (2) fraud upon the Court; (3) fraud under Rules 59(b) and 60(b) of the Federal Rules of Civil Procedure; (4) FDCPA; (5) 42 U.S.C. §§ 1982, 1983, and 1985; and (6) the Deed of Trust Act and the Consumer Protection Act. (*See* Doc. 1, at 2; *compare id. with* Doc. 12, at 11-15 & 18-19.) Before addressing whether these grounds provide a basis for removal, the undersigned first outlines relevant case law with respect to jurisdiction in general and then touches upon diversity jurisdiction given that specific reference is made to diversity jurisdiction (*compare* Doc. 1, at 5-6 & 13-14 *with* Doc. 12, at 17, 19 & 22), with the contention being made that the counterclaim seeks damages in excess of $75,000 (*compare* Doc. 1, at 2 *with* Doc. 12, at 23 & 24).

## CONCLUSIONS OF LAW

**A.     Jurisdiction in General.**

In general, removal of a case from state court to federal court is proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing

3

defendants must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("As this Court noted in *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277 (11th Cir. 2001), '[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.'"); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Moreover, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations

omitted). Indeed, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court." *Brown v. Endo Pharmaceuticals, Inc.*, 38 F.Supp.3d 1312, 1318 (S.D. Ala. 2014) (citation omitted).

Before turning to whether the defendants have satisfied their burden of establishing federal jurisdiction—whether diversity or federal question jurisdiction, *compare Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("An action filed in state court may be removed to federal court based upon diversity or federal questions jurisdiction.") *with CitiMortgage, Inc. v. Dhinoja*, 705 F.Supp.2d 1378, 1381 (N.D. Ga. 2010) ("Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law. . . . Another basis of removal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.")—the undersigned first considers Wells Fargo's procedural argument that the defendants failed to timely file notice of removal. (*See* Doc. 9, at 5-7.)

As a procedural matter, the removal must be timely. *See, e.g., Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003) ("The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'"); *cf. Moore v. North America Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) ("[T]he timeliness of removal is a procedural defect-not a jurisdictional one.").

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Here, of course, it is clear to the undersigned that the defendants' removal of this action is improper. The defendants purport to remove this Alabama

ejectment action filed in the Circuit Court of Mobile County, Alabama on October 20, 2014—originally served on Shelia Campbell by her husband's acceptance of service on November 11, 2014, with the amended complaint adding Shelia's husband, Rayford Campbell, as a party defendant, being served on Rayford Campbell on December 29, 2014—to this Court on August 12, 2015, after the ejectment action was litigated in state court for over eight (8) months. The removal is, therefore, untimely, *see HSBC Bank USA Nat'l Ass'n v. Bobrowski*, 2015 WL 4506824, *2 (M.D. Fla. Jul. 23, 2015) ("Defendants purport to remove a foreclosure complaint filed on July 26, 2012. Defendants' notice of removal filed on July 20, 2015, is therefore untimely."), and the Court should find the defendants' removal untimely under § 1446(b)(1).[3] Nevertheless, even if the removal is

---

[3] In the Eleventh Circuit, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp., supra*, 264 F.3d at 1044 (citations omitted). The removing defendant must "receive the consent of all then-served defendants at the time [s]he files h[er] notice of removal." *Bailey v. Janssen Pharmaceuticals, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). Indeed, as one district court in the Eleventh Circuit has often recognized, "a defendant 'must take an affirmative step to manifest binding consent to the Court.'" *Lennar Homes, LLC v. Mid-Continent Casualty Co.*, 2011 WL 2295276, *2 (S.D. Fla. Jun. 8, 2011), quoting *Mitsui Lines Ltd. V. CSX Intermodal Inc.*, 564 F.Supp.2d 1357, 1362 (S.D. Fla. 2008).

The undersigned is a bit confused and troubled by the actions of Shelia and Rayford Campbell in this case. There is no question but that Shelia Campbell filed the notice of removal on August 12, 2015 and there is also no question but that Rayford Campbell did not file that same date a consent to removal. However, because Rayford Campbell did file two days later, on August 14, 2015, certain evidence in support of removal (*see* Doc. 5), all but identical to the pleading filed by his wife (*compare id. with* Doc. 4), and later participated in the August 25, 2015 telephone conference with the Court (*see* Doc. 10), the undersigned believed that Rayford Campbell had taken enough steps to indicate his consent to removal. The most recent pleading filed by Shelia Campbell though, that is, her answer to the motion to remand—same indicating she is the sole defendant and the sole removing party (*see* Doc. 12, at 2)—causes the undersigned some "pause" regarding whether the actions of Rayford Campbell in this case are indicative of "'an affirmative step to manifest binding consent to the Court.'" *Lennar Homes, LLC, supra*. Because Rayford Campbell has never filed a document in this Court consenting to the removal petition filed by his wife (*see* Docket Sheet), and Shelia Campbell is now indicating she is the sole removing defendant (Doc. 12), the undersigned recommends that the Court find that Shelia Campbell's removal of this action without her husband's express consent was procedurally improper and thereby warrants a remand to the Mobile County Circuit Court. *See, e.g., Sinclair v. Auto-Owners Ins. Co.,* 22 F.Supp.3d 1257, 1263 (N.D. Ga. 2014) (citation omitted).

(Continued)

regarded as timely, the defendants have simply failed to establish subject matter jurisdiction, whether diversity jurisdiction (§ 1332) or federal question jurisdiction (§ 1331).

### B. Diversity Jurisdiction.

Where removal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332,[4] the removing parties bear the burden of establishing complete diversity of citizenship, that is, that the plaintiff is diverse from all the defendants, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'"); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d

---

Even though the foregoing represents the "parenthetical" recommendation of the undersigned, the remainder of this report and recommendation will make reference to both Shelia and Rayford Campbell inasmuch as there can be little question that both Shelia and Rayford Campbell are defendants in this action.

[4]    Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

805, 807 (11th Cir. 2003) ("[W]here jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."). In this case, the defendants' removal petition is deficient in both aspects.

      Initially, the undersigned recommends that the Court find that the Campbells have not met their burden to establish diversity jurisdiction under § 1332 because they do not allege in their notice of removal that the parties are of diverse citizenship (*see* Doc. 1). *Compare Bobrowski, supra,* at *2 ("[I]t is unclear from Defendants' notice of removal whether the requirements of diversity jurisdiction have been met. They do not allege that the parties are diverse or that the amount in controversy exceeds $75,000. Thus, they have not met their burden to establish diversity jurisdiction under § 1332.") *with CitiMortgage, Inc., supra,* 705 F.Supp.2d at 1381 & 1381-1382 ("Dhinoja's notice of removal does not contain any allegations regarding the citizenship of either party or the amount in controversy. . . . Thus, Dhinoja has failed to demonstrate that the parties are fully diverse as required by 28 U.S.C. § 1332."). Even if the parties are of diverse citizenship, it is clear that "[t]he removal statute does not provide an in-state party the same flexibility in removing cases," *AMD Property Management v. Lawrence,* 2014 WL 1870776, *4 (N.D. Ga. May 9, 2014), as plaintiffs have with respect to bringing a diversity action, *compare id. with Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 & 89-90, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005) ("While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity. . . . The scales are not evenly balanced, however. An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which

[the] action is brought.'"), and since the defendants are obviously citizens of Alabama (*see* Docs. 1, 3, 4, 5 & 12 (pleadings filed by Shelia Campbell or Rayford Campbell reflect a permanent residence of 5321 Oak Bend Court, in Mobile, Alabama)), and the action was brought in Alabama state court by Wells Fargo, the defendants cannot properly remove this action to this Court. *Compare Federal Nat'l Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir.) ("[A]ssuming the parties here to be diverse, defendant LeCrone could not remove the action under 28 U.S.C. § 1441 because removal of a diversity case is available only if the defendant is not a citizen of the state in which the action is brought [here, Ohio] . . . LeCrone, as a resident of Columbus, Ohio . . ., could not remove the foreclosure action if its federal jurisdictional basis were diversity."), *cert. denied*, 493 U.S. 938, 110 S.Ct. 335, 107 L.Ed.2d 324 (1989); *AMD Property Management, supra*, at *4 ("§ 1441 does not permit removal to this Court on diversity grounds because Defendant appears to be a citizen of the State of Georgia . . ., which is the state where the dispossessory proceeding was brought."); and *Wells Fargo Bank v. Cyrus*, 2010 WL 3294320, *4 (N.D. Ga. Jul. 15, 2010) ("§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia, which is the State where the Bank's dispossessory proceeding was brought. Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff Bank brought the dispossessory action in Georgia."), *report and recommendation adopted*, 2010 WL 3294314 (N.D. Ga. Aug. 20, 2010), *with Commercial Bank of Ozark v. Pearson*, 2014 WL 5242941, *2 n.3 (M.D. Ala. Oct. 15, 2014) ("§ 1441(b) prohibits removal on diversity grounds by a defendant who is a citizen of the forum state."); and *Elias v. American Nat'l Red Cross*, 271 F.Supp.2d 1370, 1372-1373 (N.D. Ala. 2003) ("The notice of removal in this case makes no attempt to state a way around the express provision in 28 U.S.C. § 1441(b) that removals based on diversity

9

can only take place '**if none of the parties in interest properly joined and served as defendants [i]s a citizen of the State in which such action is brought**.'" (emphasis in original)); *see Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought, § 1441(b).'"); *Goodwin v. Reynolds,* 757 F.3d 1216, 1218 (11th Cir. 2014) ("Pursuant to the so-called 'forum-defendant rule,' a state–court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the 'parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.'" (emphasis in original; citation omitted)).

The defendants have also failed to establish that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. It need initially be noted that nowhere in its ejectment complaint does Wells Fargo seek a specific amount of damages from the defendants (*see* Doc. 1, COMPLAINT & AMENDED COMPLAINT); therefore, the defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Roe, supra,* 613 F.3d at 1061. In an attempt to establish this burden, Shelia Campbell points to her counterclaim for $2,000,000.00 (Doc. 1, at 19) and, in addition, argues that the home which she and her husband are still occupying is valued at $208,000.00, well in excess of the jurisdictional amount of $75,000.00 (Doc. 12, at 22 & 24). Shelia Campbell's arguments, however, do not establish that the amount in controversy exceeds $75,000.00. As for the counterclaim argument, this Court and other district courts in the Eleventh Circuit have specifically determined that a defendant's counterclaim cannot

"be considered in determining the amount in controversy [in the context of removal jurisdiction]." *Merion Realty Management, L.L.C. v. Henry,* 2010 WL 5140571, *4 (S.D. Ala. Nov. 19, 2010), *report and recommendation adopted,* 2010 WL 5339425 (S.D. Ala. Dec. 9, 2010); *see also, e.g., Conference Am., Inc. v. Q.E.D. Int'l, Inc.,* 50 F.Supp.2d 1239, 1241 (M.D. Ala. 1999) ("[T]he court finds that a counterclaim should not be considered when determining whether the amount-in-controversy requirement of § 1332 is satisfied in the context of removal.").[5] The valuation argument is also unavailing inasmuch as plaintiff filed a statutory ejectment action under Alabama law seeking possession of the real property (the house) because of its purchase of the real property at foreclosure (*see* Doc. 1, COMPLAINT), *EB Investments, L.L.C. v. Atlantis Dev., Inc.,* 930 So.2d 502 (Ala. 2005) (finding claim to be one in ejectment under § 6-6-280(b), Ala. Code 1975, when the complaint alleged that plaintiff was entitled to possession of land because of its purchase of the land at a foreclosure sale and that the defendant was unlawfully detaining same); *see also MacMillan Bloedell, Inc. v. Ezell,* 475 So.2d 493, 496 (Ala. 1985) (recognizing that statutory ejectment under § 6-6-280(b) is possessory in nature); therefore, since the core issue of the instant suit is the limited right of possession, the removing parties cannot rely on the value of the property to satisfy the amount in controversy requirement, *cf. AMD Property Management, supra,* at *4 ("'As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.'"); *CitiMortgage, Inc., supra,* 705

---

[5] Courts have reached this conclusion given the Eleventh Circuit's clear direction that district courts "must look to *plaintiff's claim* to determine whether removal [is] appropriate." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis supplied).

F.Supp.2d at 1382 ("[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."). Because the Campbells cannot rely on the value of their house to establish the amount in controversy, and have not otherwise established by a preponderance of the evidence that the Bank's efforts to eject them from the house and obtain from them certain money damages for their wrongful retention of the property establish the amount in controversy, this second requirement for diversity jurisdiction has not been met.

    **C.**    **Federal Question Jurisdiction**.  28 U.S.C. § 1331 provides that federal courts possess "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "[U]nless the face of a ***plaintiff's complaint*** states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question." *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (emphasis supplied), *cert. denied,* 543 U.S. 808, 125 S.Ct. 30, 160 L.Ed.2d 10 (2004); *see also Jefferson County, Alabama v. Acker*, 527 U.S. 423, 430-431, 119 S.Ct. 2069, 2075, 144 L.Ed.2d 408 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *see Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Nor, despite the removing defendants' apparent position to the contrary (*see* Doc. 12, at 2 (defendants' base assertion that the court should look to their

purported "complaint")),[6] "can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank,* 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830, 122 S.Ct. 1889, 1893, 153 L.Ed.2d 13 (2002) ("[T]he well-pleaded complaint rule, properly understood [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."); *Bobrowski, supra,* at *2 ("[T]he assertion of federal counterclaims is insufficient to confer federal question jurisdiction under § 1331."). As previously indicated, the removing defendants bear the burden of establishing that a federal question exists. *See, e.g., Friedman, supra,* 410 F.3d at 1353.

Here, there is nothing to indicate that plaintiff's complaint, as amended (Doc. 1, COMPLAINT & AMENDED COMPLAINT), raises anything more than a statutory ejectment claim under Alabama law, *compare* Ala.Code § 6-6-280(b) ("An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained without a statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejector, and the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.") *with Ex parte BAC Home Loans Servicing, LP,* 159 So.3d 31, 35 & 46 (Ala. 2013) (recognizing that successful bidder at foreclosure auction can bring a

---

[6] The defendants, of course, never filed a complaint in state court; instead, they filed an answer to the complaint filed by Wells Fargo, the plaintiff, and therein inserted a counterclaim for $2,000,000.00. In addition, the defendants later filed a 652-page document titled "Counter Lawsuit and Complaint Motion Adjoining Plaintiff's Complaint Against Their Actions To (Vacate Property And Ejectment)." Had this document not been stricken by the Mobile County Circuit Court, at best it constitutes the defendants' additional counterclaims and/or defenses; it is not a complaint and is obviously not the plaintiff's complaint, which is the only complaint considered in deciding whether federal question jurisdiction exists. *See Ervast, supra.*

statutory ejectment action under § 6-6-280(b) against original debtor/mortgagee). No federal law or authority is presented on the face of the complaint, as amended (*see* Doc. 1, COMPLAINT & AMENDED COMPLAINT); certainly, none of the federal laws identified by the defendants in the removal petition (counterclaims in 337 proceedings, fraud upon the Court, fraud under Rules 59(b) and 60(b) of the Federal Rules of Civil Procedure, FDCPA, 42 U.S.C. §§ 1982, 1983, and 1985, or the Deed of Trust Act and Consumer Protection Act) are apparent on the face of the complaint. Moreover, Wells Fargo does not request relief (*see, e.g.,* Doc. 1, COMPLAINT, at 2 ("Plaintiff demands possession of the aforesaid real property, together with money damages for the wrongful retention of said real property . . . and costs of court.")) beyond that contemplated by a statutory ejectment proceeding under Alabama law, *see* Ala.Code § 6-6-280(b) ("An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained[.] . . . The plaintiff may recover in this action mesne profits and damages for waste or any other injury to the lands, as the plaintiff's interests in the lands entitled him to recover[.]"). Because an ejectment action, like the one brought by Wells Fargo, is exclusively a matter of state law, and the defendants have not otherwise established that plaintiff's "well-pleaded complaint presents a federal question, they have failed to establish federal question jurisdiction under § 1331." *Bobrowski, supra,* at *2; *see also CitiMortgage, Inc., supra,* 705 F.Supp.2d at 1381 ("[E]ven though Dhinoja's notice of removal alleges that Georgia's dispossessory process violates his rights under the United States Constitution, a Court's inquiry into the presence of federal question jurisdiction is limited to the allegations found in the plaintiff's well-pleaded complaint. If a federal question is not presented on the face of the complaint, 'it is no substitute that the defendant is almost certain to raise a federal defense.' Thus, it is immaterial that Dhinoja alleges that his constitutional rights have

been violated. Consequently, the Court finds that there is no federal question presented such that this Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331." (internal citation omitted)); *see Federal Nat'l Mortgage Ass'n, supra,* 868 F.2d at 194 ("FNMA's complaint for foreclosure of LeCrone's mortgage raises no federal issues and thus the suit between FNMA and LeCrone does not present a federal question for removal analysis, Mr. LeCrone's reliance upon federal regulations in his defense notwithstanding."). Accordingly, this Court lacks federal question jurisdiction under § 1331.

## CONCLUSION

Based upon the foregoing, it is clear that the complaint, as amended, filed by Wells Fargo in the Circuit Court of Mobile County, Alabama contains no grounds upon which this Court might exercise subject-matter jurisdiction and, therefore, is it **RECOMMENDED** that plaintiff's motion to remand (Doc. 9) be **GRANTED** and that this cause be remanded to the Circuit Court of Mobile County, Alabama from whence it came.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of September, 2015.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**